IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 FEB -5  A 9: 52

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

Alexis J. Hammonds, #239553,    )    C.A. No. 2:06-3066-TLW-RSC
                                )
           Plaintiff,           )
                                )
         -versus-               )    **REPORT AND RECOMMENDATION**
                                )
Jon Ozmint, Director of SCDC    )
and Bob Ward, Deputy Director   )
of SCDC,                        )
                                )
           Defendants.          )

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by an individual proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' summary judgment motion. 28 U.S.C. § 636(b).

The plaintiff, Alexis Hammonds, filed his action on October 27, 2007, and named as defendants Jon Ozmint, the Director of the South Carolina Department of Corrections (SCDC) and Bob Ward, the

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

Deputy Director of the SCDC.  Hammonds alleges that he has not been provided appropriate medical care and treatment for his mental impairment.  Hammonds seeks equitable relief and eighty thousand dollars ($80,000.00).

The defendants answered the complaint on June 17, 2007, and filed a summary judgment motion October 15, 2007.  On October 17, 2007, Hammond was provided copies of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Hammonds opposed the motion on November 2, 2007. Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof.  Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the

opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## COMPLAINT

Factual allegations contained in Hammonds verified complaint are taken as true for summary judgment purposes. Davis v.

Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). Hammonds signed his complaint on October 23, 2006, and wrote as follows:

> "I was having serious problems resting & eating for about 9 months. The breaking point came June 06. I wrote a grievance to (Mrs. Mitchell - Lee Corr. Inst.) She spoke to Coun. Mr. McFadden, at Lee Corr. Mr. McFadden spoke to me & he made a date for me to see the Psychiatrist Mr. Kirby. Mr. Kirby spoke to me about the incident that happen to me (See Attach Form) & he diagnosed with P-T-S - Post Tramatic Stress Syndrome. I was then put on medication called 'Zoloff' for depression. I was taken off 'Zoloff' in the medical computer but, the nurses kept bringin me the medication until I was transferd to (Ridgeland Corr. Inst.) 7-11-06. I have a copy of the date & nurses who brought me my medication after it was stop (in the computer). (sic).
>
> 7-11-06, I was transferd to Ridgeland Corr Inst. &, immedaley wrote a request to see mental health. I spoke to Coun. Mr. Dailey &, he made a date for the Psychiatrist Mr. Cruzac to see me. Mr. Cruzac diagnosed me with P.T.S. - Post Tramatic Stress Sydrome &, I was put on (prozac & Serequel) medication for anxiety &, depression.
>
> I explained to both Psychiatrist that I was assaulted by an individual by the name of Joseph Pooler who was incarcerated in SCDC when I was assaulted. Being in SCDC & my .... has taken a toll on me mentally & sometimes physically. The memory of this individual assaulting me stays in my mind which has stop me from resting & a lot of times eating. SCDC allowed inmates out of their eye sight to drive around & molest children. If this individual was screened correctly I would never have this problem (not sleeping or eating). This individual was already incarcerated for rape &, murder &, SCDC still allowed this individual freedom to move in a car! SCDC is the direct reason my mental & physical disposition is detireating. (sic).
>
> I wrote Bob Ward & John Oznit a letter explaining this & wanting help. Their representative David

4

>Tatarsky wanted to speak to my attorney. I was
>given legal advice but, I never had no legal
>repersentation, when I wrote Mr. Tatarsky. (sic).
>
>My mother (Wanda Hammons) sued SCDC about this
>incident because I was a minor & won. I was not
>aware of this until 1999. When I came into SCDC -
>South Carolina Dept. Corr, is when I started
>having mental problems but, disregarded my mental
>problems to plain old stress. I was wrong. Being
>in SCDC custody has brought back the pain from my
>assault. Everytime I think about the incident,
>all I see is SCDC symbol &, ..... I need help! I
>really need help! (sic).
>
>V. RELIEF
>
>That South Carolina Dept. Corr, award me
>$80,000.00 &, the same stipulations in the
>previous contract with my mother ..... also I
>would like to be placed in a institution that will
>help me with my problems."

Plaintiff attached a copy of the "Order Approving Settlement" from Civil Action No. 94-CP-40-3941 to his complaint.

**FACTS**

Additional facts which are undisputed are as follows. Plaintiff wrote a letter to the defendants to which the defendants did not respond. Instead Hammonds' letter was forwarded to the office of legal counsel for the prison. Defendant Ozmint sent the letter to the SCDC's attorney because in the letter Hammonds demanded that a settlement entered into between Hammonds' mother acting as his guardian ad litem and SCDC on October 25, 1996, in Civil Action No. 94-CP-40-3941 be duplicated and given directly to him. The 1996 court approved settlement ended a suit seeking redress for an attack on Hammonds

5

by a inmate within the SCDC when Hammonds was a minor. Hammonds' letter stated that he was following his attorney's advise on how to demand another settlement from SCDC.

In his letter, Hammonds also complained that, although he was receiving mental health treatment, he was not receiving the proper mental health treatment.

Defendants are not trained medical providers and are not involved in medical or mental health treatment decisions within the SCDC. Plaintiff is not a trained health provider. Medical and mental health treatment decisions at SCDC are made by qualified medical and mental health professionals employed by SCDC. The defendants affied that they have not been deliberately indifferent to any of the plaintiff's constitutional rights and they have not observed anyone else act in a manner which they believed violated Plaintiff's constitutional rights. (Aff. Ozmint and Ward).

The plaintiff's SCDC medical records are over two hundred (200) pages long and were filed in the instant suit. They indicate that the plaintiff has received substantial medical care including psychological counseling and drug treatment throughout the time he has been incarcerated. Plaintiff does not dispute the accuracy of his medical records, but claims the treatment is inappropriate and that he should be transferred to another prison.

**LAW RELATED TO MEDICAL CARE AFFORDED PRISONERS**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one who has committed a crime. See, U.S. Const. Amend. VIII. Accordingly, a prisoner makes out a claim under the Eighth Amendment if he can establish that the prison medical personnel responsible for his care were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); Amos v. Maryland Dep't of Pub. Safety & Correctional Servs., 126 F.3d 589, 610 (4th Cir. 1997), vacated in part on other grounds, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). These requirements go beyond even a showing of negligence, and requires Plaintiff to establish the defendants acted with an indifference as would "offend evolving standards of decency." Id.

In a § 1983 claim, whether a medical provider has been deliberately indifferent to a prisoner's serious medical need is a two part inquiry. First, the prisoner must show that he was deprived of an objectively serious human need. Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998). Second, the plaintiff must demonstrate that the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Farmer v. Brennan, 511 U.S. 825 (1994) and cases interpreting Farmer, make clear that general knowledge of facts

7

creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific serious risk of harm confronting the inmate. See, Farmer, 511 U.S. at 837, 114 S.Ct. at 1978-79 (stating that "the official must both be aware that a substantial risk of serious harm exists, and he must also draw the inference").

Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979. Prison officials must know of and disregard an objectively serious condition, medical need, or risk of harm. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844, 114 S.Ct. at 1982; see, Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Id. at

105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988); Cf. Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

Likewise, constitutionally, state prisons are not required to furnish prisoners the best of care, only reasonable care. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). The constitution also does not guarantee a prisoner the treatment of his choice. Jackson v. Fair, 846 F.2d 811 (1st Cir. 1988). The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. Sosabee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Even if plaintiff could establish negligence in his medical treatment, his cause of action would be in negligence against the defendants. Section 1983 does not provide for a remedy for violation of state law, but only for violations which rise to the level of unconstitutional deprivation. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, supra. Negligence simply is not actionable

under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327 (1986).

## RESPONDEAT SUPERIOR

It is settled that the doctrines of vicarious liability and respondeat superior do not apply in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). A defendant cannot be held liable for the acts of others without specific wrongdoing by that defendant. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

## RES JUDICATA

Under the doctrine of res judicata, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000) (quoting Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). A party invoking res judicata must establish (1) that there was a final judgment on the merits in a prior suit, (2) an identity of the cause of action, and (3) an identity of parties or their privies in the two suits. Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). "A court-approved settlement generally receives the same res judicata effect as a litigated judgment." Alcon Associates, Inc. v. Odell Associates, Inc., 2005 WL 3579057, (D.S.C., 2005) citing Holywell Corp. v. United States, No. 99-1399, 2000 WL 1233582 (4th Cir. Aug.31, 2000).

**DISCUSSION**

A review of the record and relevant case law reveals that the defendants' motion for summary judgment should be granted.

First, Plaintiff cannot sue these defendants in their official capacities for damages because state officials are considered arms of the state and as such are not "persons" who may be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Second, to the extent Hammonds seeks another duplicate settlement award from his 1994 suit against SCDC, he is barred by principles of res judicata. Additionally, South Carolina's three year statute of limitations appears to have long since run. See, S.C. Code Ann. § 15-3-530(5) (Law. Co-op. Cum. Supp. 2003).

Third, to the extent he seeks damages from the defendants in their individual capacities, the evidence here shows that there are no genuine material questions of fact remaining to preclude summary judgment for the defendants.

The sworn affidavits of Defendants, with Plaintiff's undisputed medical records, show that Plaintiff has been provided a plethora of medical care including psychological care. Plaintiff's medical records indicate that he has been seen on numerous occasions by medical staff of the SCDC institutions in which he was housed. These records also indicate that Plaintiff's medical complaints have been documented, assessed,

and treated. Plaintiff has not shown that these defendants were deliberately indifferent to his serious medical need as required to establish an eighth amendment violation by Estelle and its prodigy. Further, Plaintiff offers no evidence from any source which would support his contention that he is entitled, on constitutional grounds, to receive any specific treatment he may seek or a transfer to another prison.

In short, Plaintiff's evidence shows, at best, a disagreement between himself and SCDC doctors as to his medical treatment. A mere disagreement between an inmate and physician concerning whether the inmate is receiving proper medical care fails to present a constitutional issue which the courts will entertain. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Additionally, to the extent Plaintiff alleges malpractice, no § 1983 claim lies. Negligence or malpractice in medical services does not create a constitutional cause of action; medical malpractice does not become a constitutional issue merely because the plaintiff is a prisoner. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Prison officials such as the Director and Deputy Director of the SCDC are entitled to rely on the medical judgments made by prison doctors. Shakka v. Smith, 71 F.3d 162, 167 ((4th cir. 1995). Additionally, to the extent Plaintiff seeks to impose liability on these two defendants not because of medical care

they rendered but because they are supervisors of SCDC employees, respondeat superior liability theories are inapplicable in § 1983 actions. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). The defendants are entitled to summary judgment.

Lastly, if the court accepts this report and recommendation, it is further recommended that since Plaintiff's eighth amendment claim of medical indifference is subject to judgment as a matter of law, the court should decline to exercise supplemental jurisdiction over any state law claim(s) which the plaintiff may be attempting to assert in the instant § 1983 action. See, 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion for summary judgment be granted, all other motions be deemed moot, and that the court decline to take jurisdiction over any state law claims.

Respectfully Submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 4, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).